FILED
AUG 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIUS MCQUEEN, )
    Plaintiff, )
)
v. )
) CASE NUMBER 1:05CV01650
) JUDGE: Gladys Kessler
FRANCIS J. HARVEY, ACTING ) DECK TYPE: Employment Discrimination
SECRETARY, U.S. DEPARTMENT ) DATE STAMP: 08/16/2005
OF THE ARMY, )
)
    Defendant. )
_____)

### PETITION FOR APPOINTMENT OF COUNSEL

COMES NOW Plaintiff, Julius McQueen, and hereby files this Petition for Appointment of Counsel, pursuant to 42 U.S.C. § 2000e-5(f). In support of the foregoing, Plaintiff hereby states the following:

#### I. STATEMENT OF FACTS

On October 12, 2004, Plaintiff filed Appellant's Brief in Support of Appeal, appealing the Defendant's final decision, dated August 2, 2004, which held that Plaintiff was not discriminated against because of his race when his federal employer selected the only white candidate for promotion to a GS-305-05 Lead Mail and File Clerk position, although the individual selected was the only applicant who did not meet the minimal qualifications for the position. See Appellant's Brief in Support of

Appeal, attached hereto as Exhibit 1. On December 22, 2004, the Equal Employment Opportunity Commission, Office of Federal Operations, issued its Final Decision and Notice of Right to File a Civil Action. See Final Decision and Notice of Right to File a Civil Action, attached hereto as Exhibit 2.

## II. ARGUMENT & CITATION OF AUTHORITY

42 U.S.C. § 2000e-5(f)(1) grants this Court the authority to appoint an attorney for a Plaintiff in a Title VII action before the Court, and to "authorize the commencement of the action without the payment for fees, costs, or security." In making its decision to appoint counsel and to waive related fees and costs, the District Court may consider "the merits of the complainant's claims of discrimination and the efforts taken by the complainant to obtain counsel." See Hunter v. Department of the Air Force, 846 F.2d 1314 (11th Cir.1988)(citing Caston v. Sears Roebuck & Co., 556 F.2d 1305 (5th Cir.1977). In addition, the District court considers "the ability of the complainant to understand the relevant substantive and procedural issues." See Hunter, 846 F.2d at 1317 (citing Carroll v. Metro-Dade County Memorial Hospital, 805 F.2d 1041 (11th Cir.1986)(unpublished opinion).

### A.   Merits of Mr. McQueen's Claims

In the instant matter, the merits of Mr. McQueen's claims are both credible and

strong. Mr. McQueen was not selected for a promotion within the Department of the Army, which he rightfully deserved and for which he was qualified. See Exhibit 1. However, even more egregious was the Agency's decision to select the only white candidate, who was new to the Agency, trained by Mr. McQueen, and, most significantly, **failed to meet the basic requirements to be considered as a valid candidate for the available position.** See id.

Mr. McQueen exhausted his administrative options to address the Agency's discrimination, by first appealing directly to his supervisors, and thereafter, to the Agency's Equal Employment Office. After the Agency issued its surprisingly unjust and unfavorable Final Decision, Mr. McQueen obtained counsel, Melville Johnson, P.C., to draft his appeal brief filed with Office of Federal Operations, EEOC. The EEOC issued its Decision and Notice of Right to File a Civil Action on ??? See Exhibit 2.

B.   Efforts to Obtain Counsel

Mr. McQueen is a former mailroom associate with the U.S. Army, in Germany, and he is presently employed as a truck driver in the country of Kuwait, earning $55,000 annually. He has expended substantial resources in pursuing this action and his current financial position necessitates the instant Petition and request.

Mr. McQueen was originally represented by Mr. Joseph K. Kelso in Frankfurt, Germany. Attorney Kelso assisted Mr. McQueen with the agency's EEO investigation. Thereafter, Mr. McQueen retained Melville Johnson, P.C., to draft his appeal brief with the EEOC. Mr. McQueen has recently indicated that he is unable to continue to pay for the legal services of Melville Johnson, P.C. Accordingly, his current financial position necessitates the instant Petition.

C.  **Ability to Understand the Relevant Substantive and Procedural Issues**

Mr. McQueen does not fully understand the relevant substantive issues and procedural issues of his case, and therefore, an appointment of counsel would be just. Substantively, Mr. McQueen feels very strongly that agency discriminated against himself due to his race, however, he does not have knowledge of the evidentiary and related burdens requirements in proving a Title VII claim of discrimination. Procedurally, Mr. McQueen now understands that he was required to exhaust his administrative options before filing with the instant Court. However, he does not know how to litigate a case, he has no prior litigating experience, and finally, his currently employment in Kuwait limits his ability to fully commit himself in the way that proper litigations requires. Accordingly, Mr. McQueen needs counsel if he intends to pursue this matter further, as within his rights.

## III. CONCLUSION

In the spirit of due process, and the relevant laws of this country, this Court is likely to agree that a complainant should not be denied an opportunity to litigate a good-faith, legitimate claim of discrimination, anchored by credible evidence and supporting facts, simply because that complainant lacks the available resources to pay for an attorney. Accordingly, Mr. McQueen respectfully request that this Court review the merits of his case and appoint him counsel, pursuant to 42 U.S.C. § 2000e-5(f).

For the foregoing reasons, Appellant hereby request that Plaintiff's *Petition for Appointment of Counsel* be granted.

Respectfully submitted this ____ day of March, 2005.

13 day of Aug 2005

Mr. Julius McQueen

CSA/JMP Unit 69905
APOAE 09889
00965 613-2491
Germany