UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS McQUEEN,<br>        Plaintiff,<br><br>v.<br><br>FRANCIS J. HARVEY, Secretary of the Army,<br><br>        Defendant. | Case No. C 05-01650 GK |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND
<u>IMPROPER VENUE</u>**

Pursuant to Rule 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure the defendant, Secretary of the U.S. Army, moves to dismiss plaintiff's *pro se* complaint for lack of jurisdiction and improper venue.

Defendant's memorandum of points and authorities and Exhibit 1 attached thereto, support this motion.[1]

---

[1] Plaintiff, *pro se*, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See <u>Fox v. Strickland</u>, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits her own affidavits or other documentary evidence contradicting the assertions in Defendant's attachments. See <u>Neal v. Kelly</u>, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible inevidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as

Respectfully submitted,

/ s /
_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/ s /
_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

/ s /
_____
KEVIN ROBITAILLE
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-307-0299 / FAX 202-514-8780

Of Counsel:

KWASI HAWKS
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530

---

provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIUS McQUEEN, | ) |
|       Plaintiff, | ) |
|       v. | ) Civil Action No. 05-01650 (GK) |
| FRANCIS HARVEY, | ) |
|   Secretary of the Army, | ) |
|       Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE**

Defendant respectfully submits this memorandum of points and authorities in support of Defendant's Motion to Dismiss Plaintiff's Complaint under Title VII for lack of venue, because there is no venue over Plaintiff's Title VII claims in this district. Exhibit 1 attached hereto, supports this memorandum.

## I. INTRODUCTION

Plaintiff, *pro se*, Julius McQueen, filed this untimely action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq.*, ("Title VII"). Plaintiff alleges that he was the victim of workplace discrimination when he worked at a U.S. military installation in Heidelberg, Germany. Therefore, venue for Plaintiff's claims does not lie Washington, D.C.

## II. STATEMENT OF FACTS

1. Plaintiff, an African-American, worked at Defendant's Network Service Center in Heidelberg, Germany as a Mail and File Clerk. Complaint ¶ 6. Plaintiff does not allege, nor is the defendant aware of, any alleged unlawful management practices in Plaintiff's case that took

place outside of Germany. See Complaint generally.  Plaintiff does not allege, nor is the Defendant aware of, any relevant personnel records that are maintained in Washington, D.C. Had Plaintiff been awarded the promotion allegedly denied by the Defendant's conduct he would have worked in Heidelberg, Germany. Complaint ¶¶ 6, 16  The Defendant's Headquarters is the Pentagon which is located in the Judicial District of the Eastern District of Virginia. See <u>Saran v. Harvey</u>, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); <u>Donnell v. National Guard Bureau</u> 568 F. Supp 93, 94 (D.D.C. 1983)

    2. In May of 2001, A white-co-worker of the Plaintiff was promoted over Plaintiff and 4 other African-American employees.  Plaintiff thereafter filed an August 14, 2001 formal complaint of discrimination for non-selection on the basis of race. Complaint ¶ 56, Plaintiff's Exhibit 1 pp. 8-9.

    3.  Defendant issued its final agency decision on August 2, 2004, prompting Plaintiff's Appeal to the EEOC. Plaintiff's Exhibit 1 p. 1.

    4.  On December 22, 2004 the Equal Employment Opportunity Commission's Office of Federal Operations (OFO) decided that Plaintiff failed to establish that discrimination occurred in his non-selection.  The notice of appeal placed on the bottom of the OFO decision made clear that the Plaintiff had 90 days from the receipt of decision to file in District Court.  Plaintiff's Exhibit 3 p.1.

    5.  Plaintiff filed suit in Federal Court alleging discrimination in violation of Title VII on August 16, 2005. Complaint Generally, Docket Entry 1.

**III.  ARGUMENT**

    **A.     Standards of Review**

*Lack of Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction, hence a federal court is presumed to lack jurisdiction until an affirmative showing of jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, the plaintiff bears the burden of establishing subject matter jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, (1936) (Where allegations giving rise to jurisdiction are competently challenged by the defendant the plaintiff must support them by competent proof). Exhaustion of administrative remedies is a prerequisite to jurisdiction for Title VII complaints. Brown v. General Services Administration, 425 U.S. 820, 832 (1976); Lockamy v. Truesdale, 182 F. Supp. 2d 26, 31 (D.D.C. 2001).

A motion to dismiss for lack of subject matter jurisdiction can attack either the allegations of the complaint or the very existence of jurisdiction in fact. Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992). Where the issue of jurisdiction can be separated from the merits of the case, a court may consider evidence presented for the jurisdictional issue, resolve factual disputes, and rule on the issue of jurisdiction. *Id*. Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court is not obligated to take plaintiff's allegations as true but may consider the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992) when considering a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). *Id*.

*Venue*

On a motion to dismiss for improper venue under Rule 12(b)(3), the court accepts as true the plaintiff's well-pled allegations and draws all reasonable inferences from those allegations in

the plaintiff's favor, although the court need not accept plaintiff's alleged legal conclusions as true. Darby v. Department of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002). In making venue determinations, the courts look to the applicable statutes to determine where venue should lie. In the present action, the Court must look to 42 U.S.C. § 2000e, *et seq*., to determine whether venue in this district is proper. The Court must also be mindful that the statutory scheme behind Title VII cases indicates that venue properly lies in those jurisdictions concerned with the alleged discrimination. Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1102-03 (D.C.Cir. 1969), *cert. denied,* 396 U.S. 895 (1969).

      **B.**     **Plaintiff's Claims Must Be Dismissed for Failure to Exhaust his Administrative Remedies**

To maintain an employment discrimination lawsuit against an agency of the United States a plaintiff must first exhaust his administrative remedies as set forth in administrative procedures. Siegal v. Kreps 654 F.2d 773, 776 (D.C. 1981). Federal regulations require that an individual complainant under Title VII who has received the EEO Commission's final decision on appeal and wishes to file a civil action must do so within 90 days of receipt of the Commission's decision. 29 C.F.R. § 1614.407(c), 42 U.S.C. § 2000e-16(c)  Failure to comply with such administrative regulations has been deemed fatal to a complainants's claim. Id at 777 The facts regarding the timing of Plaintiff's administrative filings are not in dispute. The EEOC's OFO  issued its final decision with right to file notice on December 22, 2004. Complaint ¶ 1. Plaintiff filed his lawsuit on August 16, 2005 eight months after the Commission issued its decision and five months after the applicable 90 day deadline. See Docket Entry 1. Plaintiff has not alleged any cause for his 8 month delay in filing his lawsuit and in fact his typed Complaint contemplates its submission in March of 2005. Complaint p.18.  Plaintiff's delay has excluded

his claim from the jurisdictional prerequisites established in and regarding Title VII. Accordingly his claim must be dismissed.

**B.  Venue for Plaintiff's Claims Does Not Lie in Washington, D.C.**

Plaintiff's claim must also be dismissed or in the alternative transferred because venue is improper in the District of Columbia. Title VII includes a specific venue provision under 42 U.S.C. §2000e-5(f)(3) and the venue provision of Title VII "controls any other venue provision governing actions in federal court." Donnell v. National Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (*citing* Stebbins at 1102-03.  Title VII creates a limited waiver of the government's sovereign immunity from suit and consequently stands as a bar to jurisdiction by any federal district court that does not meet its venue provision. Archuleta v. Sullivan, 725 F.Supp. 602, 603-4 (D.D.C. 1989).

For actions alleging violations of Title VII, venue is proper: (1) in any judicial district in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3).  When, however, the defendant cannot be brought before a court under any of the three situations described above, venue is proper where the defendant's principal office is located. *Id*.

In this case, the alleged acts of unlawful discrimination all took place outside the United States, in the Republic of Germany.  Complaint ¶ 6, Plaintiff's Exhibit 1 pp. 4-5  Accordingly, the first prong of § 2000e-5(f)(3) does not provide venue in this district.

The second basis for venue under Title VII is where the employment records relevant to

5

the alleged discrimination are maintained.  Defendant is not aware of any employment records relevant to this suit to be maintained in this district, nor does the Plaintiff allege that they are maintained here.  Accordingly, under this prong of § 2000e-5(f)(3) venue is not proper in the District of Columbia.

The third basis for venue is the district where the plaintiff would have worked but for the alleged discrimination. Plaintiff alleges non-selection for a promotion to a supervisory position in the same mailroom in Heidelberg, Germany where he worked Compaint ¶ 6, 16.  This prong does not afford venue in the District of Columbia.

Finally, when as in the instant case, the first three prongs do not establish venue in a district, § 2000e-5(f)(3) looks to the place where the Defendant maintains his principal office.  The principal office of the Secretary of the Army is in the Pentagon, which is located in Arlington, Virginia, not in the District of Columbia, (notwithstanding a Washington, D.C. mailing address).  *See* Saran v. Harvey, 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005); Brewer v. Eng., 2003 U.S. Dist. LEXIS 17276 (D.D.C. 2003) (*citing* Monk v. Secretary of the Navy, 793 F.2d 364, 369, n.1 (D.C. Cir. 1986)); Donnell v. National Guard Bureau, 568 F. Supp. 93, 94-95 (D.D.C. 1983).

Therefore, venue does not lie in the District of Columbia.  Where, as here, Plaintiff has filed an action in the wrong district, 28 U.S.C. § 1406(a) directs that the court "shall dismiss, or if it be in the interest of justice, transfer such case" to the proper venue.  The proper venue for Plaintiff's claims is the Eastern District of Virginia, however his case should not be transferred because of plaintiff's untimely filing.

## IV. CONCLUSION

Plaintiff's *pro se* complaint should be dismissed with prejudice. Venue does not lie in Washington, D.C. and the Plaintiff was required to file suit in District Court no later than March 27, 2005. Plaintiff did not. Accordingly, he is barred from suing in District Court.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


_____
KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-307-0299 / FAX 202-514-8780

Of Counsel:

KWASI HAWKS
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530