RECEIVED

JUN 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT B**

# REPORT OF INVESTIGATION

3 0 APR 2002'

**Activity Docket No.:** BXHMFO0106B0290

**Investigating Office:** OCI Europe

**Activity Filed Against:**

Department of the Army
5th Signal Command
43rd Signal Battalion
Heidelberg, Germany

**Complainant's Name and Address:**

Mr. Julius McQueen
CMR 420, Box 693
APO AE 09063

**Representative's Name and Address:**

Mr. Joseph K. Kelso
Attorney-at-Law
Darmstadt Landstrasse 184
60598 Frankfurt am Main, Germany

**Date of Initial Contact with EEO Office:** June 4, 2001

**Date Complaint Filed:** August 15, 2001

**Date Investigation Requested:** October 23, 2001

**Date Request Received by OCI:** November 2, 2001

**Date of Investigation:** February 7, 2002

**Basis:** Race (African-American)

**Claim:** Not selected for position of Lead Mail and File Clerk, GS-0305-05, Vacancy Announcement #G 011, with the 5th Signal Command, 43rd Signal Battalion, Network Service Center, Heidelberg, Germany.

**Relief Requested:** See Transcript (Tr.), pages (pp) 131-133.

## Part I - BACKGROUND

Mr. Julius McQueen, hereinafter referred to as Complainant, was employed with the 43rd Signal Battalion, Network Service Center, Heidelberg, Germany, as a Mail and File Clerk, GS-0305-04, at the time of his filing a formal complaint. He has held the same position since 1994.

Complainant was one of five qualified candidates who applied for the position of Lead Mail and File Clerk, GS-0305-05. The demographics of the applicants show that four candidates were African-American and one was Caucasian [Mr. Davis J. Giddens (Race: Caucasian), selectee] (IF p 9). A rating and ranking panel was convened consisting of Ms. Anne Fischer (Race: Slavic-Croatian), Supervisory Management Assistant, C-0334-07, Ms. Jane Wasko (Race: Caucasian), Senior Management Advisor, GS-0301-14 [non-voting/technical advisor], and Mr. Frank Robert Waitt (Race: Caucasian), Chief of the Network Operations Branch, selecting official. Mr. Waitt served in a dual capacity as a rating and ranking panel member in addition to being the selecting official. The panel members assigned equal weight to the selection criteria in the areas of education, potential for growth, leadership abilities, communication skills and the 5-year rule. A numerical matrix was submitted as an exhibit with the Counselor's Report and used in questioning Mr. Waitt, but the originator of the matrix is not known. The panel members testified that they did not prepare the numerical matrix (Tr. p 39, IF p 132). None of the candidates were interviewed for the position. The evidence of record shows that all the candidates met the basic requirement of 2 years of general experience to be considered for the position of Lead Mail and File Clerk, GS-05 (IF p 144).

A fact-finding conference was conducted on February 7, 2002, in Heidelberg, Germany. In attendance were Ms. Christine Ballard (Court Reporter), Mr. Robert Kelso (Complainant's legal representative), Complainant, and this Investigator. Ms. Fischer and Ms. Wasko, Agency witnesses, provided written testimony because they were unable to attend the fact-finding conference (IF pp 129-133, 135-139). Complainant and Mr. Kelso reviewed their testimony and submitted a rebuttal (IF pp 122-127). Ms. Wasko was a technical advisor to the rating and ranking process and did not recommend a selection (IF p 138). Direct testimony was obtained during the fact-finding conference from Agency witnesses Mr. Waitt and Mr. Kendall Russell (Race: Caucasian), Chief Network Service Center, GS-301-13, and Complainant's witness, Mr. Donald L. Baker (Race: Black), Laborer/Truck Driver, WG-05, (IF p 173).

A delay in conducting the fact-finding conference was attributed to the unavailability of a court reporter for the month of January 2002 (IF p 200). The earliest available date for convening the witnesses and court reporter was February 7, 2002. Information requested from the Agency by this investigator on February 13, 2002, was not received until April 4, 2002, further delaying this Report of Investigation (IF pp 178-184, 205).

## Part II – ANALYSIS

The evidence of record shows Complainant was a qualified candidate for the position of Lead Mail and File Clerk, GS-0303-5, was rated and ranked along with other candidates, was considered by the selecting official, and a candidate not of Complainant's race was selected (IF pp 141, 141-A, 176).

The position description shows that 75% of the duties and responsibilities of the Lead Mail and File Clerk, GS-0305-5, position involves a wide variety of functions consistent with the position classification series (IF pp 187-192). The remaining 25% of the duties and responsibilities performed are those of a Team Leader. The Team Leader duties are a bridge position between employees and supervisors/managers. The primary duties of a Team Leader consist of coordinating and providing a supportive role to a supervisor/manager who has a wider degree of administrative control and responsibility over subordinate employees (IF pp 181-182).

Ms. Fischer and Mr. Waitt testified that the rating and ranking criteria, although not clearly established, used to evaluate the candidates was essentially the same (education, potential for growth, leadership abilities, communication skills, number of years overseas [5-year rule]) (Tr. p 39, IF p 132, 167). The education and communication elements, although not screen out factors in the Qualifications Standards Handbook, are considered legitimate rating factors when comparing the qualifications of several candidates with similar backgrounds and experiences (IF pp 144). Potential for Growth is considered by this Investigator to be very subjective because of the lack of specific criteria used in assigning a numerical rating.

The 5-year rule is considered a legitimate rating factor. Depending upon the type of employment appointment, most Civil Service employees are limited by regulation to 5 years overseas. To select a candidate who has reached, or is close to having served, 5 years overseas would require the recruiting process to be repeated within a short time after a selection is made, which is considered counterproductive and an inefficient use of the merit promotion recruitment process. Ms. Fischer testified she did not consider the 5-year rule in her evaluation of the candidates. However, Mr. Waitt did consider this a legitimate rating and ranking factor (Tr. p 39, IF pp 132, 167).

The remaining element, "Leadership Skills," is a legitimate rating and ranking element for a position with "Leader" in the position title. It is noted that Mr. Waitt and Ms. Fischer did not establish specific rating criteria for assigning numerical scores to this element. In any event, their managerial positions in the organization provided them with the opportunity to observe and analyze the Leadership Skills of the candidates, since the candidates were all current employees of the Postal Mail and Distribution Center.

A review of the rating and ranking elements shows that an anomaly exists with the rating and ranking elements used by the panel members. Although 75% of the major duties are directly related to Mail and File Clerk responsibilities, none of the rating and ranking elements identified by Mr. Waitt or Ms. Fischer directly addresses the majority of the duties of the position (IF pp 187-193).

# Table 1

### Approximate Mail and File Clerk Postal Experience of Candidates for the Lead Mail and File Clerk, GS-0305-05, Position.

| Candidate | Postal Experience | Race |
| --- | --- | --- |
| Carson | 7 years | Black |
| Giddens* | 5 months | White |
| Hebert | 6 years | Black |
| Ingram | 19 months | Black |
| McQueen | 7 years | Black |

*Selectee

An anomaly occurred in the rating and ranking process when a rating and ranking element(s) was not included to consider the majority of the duties of the position. Since the minority candidates had more Postal Mail and File Clerk experience than Mr. Giddens, as a group they were subsequently placed at a disadvantage vis-à-vis Mr. Giddens. Mr. Giddens was placed at an advantage over the minority candidates as he had the least amount of experience in Postal Mail and File Clerk duties when compared to other candidates (IF p 151). As Table 1 shows, minority candidates had Mail and File Clerk experience ranging from a low of 19 months to a high of 7 years, while Mr. Giddens had the least experience with less than 6 months (IF pp 148-165).

Failing to credit Complainant's specialized Postal Mail and File Clerk experience does not, standing alone, show Complainant was the best qualified candidate for the position, only that significant experience that may have made the Complainant a more competitive candidate was not considered in the rating and ranking process. The inclusion of a rating and ranking element that specifically addresses leader/supervisory/managerial experience is important, as 25% of the significant duties of the position require skills in coordinating and directing the work of others. Rating and ranking elements in general should be relevant to the overall duties of the position so as not to unfairly skew candidates' ratings, resulting in a lowering of scores, thus creating a distorted evaluation of an applicant's experience and qualifications.

The rating and ranking criteria developed and employed by management in this case were facially neutral. For example, management's reliance upon leadership skills and leadership potential are valid bases for identifying the best-qualified candidate for a position having Leader responsibilities. However, the selection criteria failed to address in any manner those technical aspects of the position at issue, i.e., the day-to-day knowledge, skills, and abilities related to postal operations and mail processing. This was the area in which 4/5 of the unit's current workforce (80% of the workforce being black) objectively exceeded the selectee's qualifications, i.e., in terms of postal work experience. Although the incumbent of the position at issue likely spends the majority of his time involved in the control, processing and delivery of incoming mail (as opposed to working leader responsibilities in terms of directing

4

the activities of others), no selection criterion addressed operational and technical aspects of the job. What appears to be a facially neutral rating and ranking scheme, in effect had a disparate impact on each of the African-American candidates. The record contains no explanation as to the business necessity for employing such selection criteria.

for *[signature]*
JON STEINHILBER
Investigator