UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIUS McQUEEN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANCIS HARVEY, )<br>Secretary of the Army, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-01650 (GK) |

**PLAINTIFF'S RESPONSE, *NUNC PRO TUNC*, IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
<u>FOR LACK OF JURISDITION AND IMPROPER VENUE</u>**

Comes now the plaintiff, Julius McQueen, by and through the undersigned attorney, in opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint under Title VII for lack of venue, and submits the following:

I.  **Statement of Facts:**

1. In 1994, Plaintiff, Julius McQueen, who is Black, became employed as a Mail and File Clerk, GS-0305-04, with the 43rd Signal Battalion, Network Service Center, Heidelberg, Germany. **See Exhibit "A"**, Declaration of Julius McQueen, plaintiff at & 3.[1]

2. In May 2001, five individuals, including plaintiff, applied for a position as Lead Mail Clerk, GS-5. Four of the candidates were Black, and the fifth candidate, Mr. Gidden, the successful candidate, was White. **Id.** at & 6-7, and Exhibit "B", April 30, 2002, Report of Investigation of Jon Steinhilber, EEO Investigator, EEO Investigator.

---

[1] Hereinafter, Declaration of Julius McQueen is also referred to as "McQueen Dec. at ___".

RECEIVED
AUG 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Leave to file granted - J. Kessler - 8/17/06*

3. Plaintiff was the most senior candidate and had been employed as a Mail and File Clerk for Seven (7) years. Glidden had been employed for only five (5) months, prior to his promotion. Plaintiff trained Glidden for the Mail Clerk position. **Id.**

4. On or about August 17, 2001, plaintiff filed a complaint alleging discrimination with the Department of the Army's EEO office. **See** Exhibit "A", McQueen Dec. at & 9.

5. On or about April 30, 2002, a, investigative report was issued recommending a finding that the Department of Army (hereinafter, also the "Agency") had utilized a promotion policy which had a disparate impact upon Black candidates. **See** Exhibit B, April 30, 2002, Report of Investigation of Jon Steinhilber, EEO Investigator.

6. On August 2, 2002, a Final decision was issued by the Agency which did not adopt the finding of the Investigator and determined there was not cause to believe discrimination had occurred with respect to the affected promotion. **See** Exhibit C, December 22, 2004, decision of the EEOC. On December 22, 2004, a Decision on the appeal was issued by the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations in Washington, D.C. This decision proved plaintiff with a right to file a civil action in a District Court within (90) ninety days. **Id.**

7. On or about December 30, 2004, plaintiff submitted to the Court a copy of a motion *in forma pauperis*. **Exhibit A**, McQueen Dec. at & 15. At the same

2

time, plaintiff submitted his Complaint for filing, alleging, generally, discrimination made unlawful pursuant to Title VII of the Civil Rights Act of 1964, as amended, 24 U.S.C. 2000e, et. seq. **Id.**

8. On August 16, 2005, the complaint was filed.

9. A copy of the Complaint was served on Defendant on or about August 16, 2005. (**See** Exhibit "E," Return Receipt for Certified Mail). At the time, the Complaint was filed by plaintiff in Washington, D.C.. He believed that the proper venue was in Washington, D.C., since the administrative appeal of the agency's determination was considered by the EEOC's Office of Federal Operations located in Washington, D.C. and because the Secretary of the Army, Francis J. Harvey was located in Washington, D.C. **Exhibit A,** McQueen Dec. at & 16.

10. On August 23, 2005, an Order was entered denying Plaintiff's Petition for Appointment of Counsel. **Exhibit D**, Order dated August 23, 2005.

11. Defendant filed a filed a motion to dismiss for lack of jurisdiction and improper venue on or about November 22, 2006.

12. Plaintiff, who is still located in Germany, sought to engage attorney Danny Elmore, to file a response to the motion to dismiss. However, unknown to Mr. Elmore, his license to practice in Washington, D.C. was administratively suspended after license fees were received after the D.C Bar's fee deadline.

3

13. While Mr. Elmore was reinstated as a member in Good Standing on or about April 15, 2005, and is applying for admission to the United States District Court for the District of Columbia.

14. On or about May 1, 2006, defendant's motion to dismiss was granted without prejudice.

15. Any delay caused in answering defendants' motion to dismiss has been caused, principally, because plaintiff is located in Germany .

16. Defendant has not suffered harm due to the delay.

Wherefore plaintiff requests that the matter be reinstated and that jurisdiction be transferred to the Court of proper jurisdiction.

## II. Argument:

### A.   Standard of Review:

It should first be noted that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure will be denied unless the plaintiff "can prove no set of facts in support of [his] claim which would entitle [his] to relief." **Kowal v. MCI Communications Corp.**, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, in that the case is at the initial stages of discovery, "[t]he allegations in plaintiff's complaint must be presumed true . . . and all reasonable factual inferences should be construed in [her] favor." **Lee v. Wolson**, No. 01-1110, 2003 U.S. Dist. LEXIS 4013, at *5 (D.D.C. Mar. 18, 2003).

### B. Plaintiff's Claims should not be dismissed in that Plaintiff has Exhausted his Administrative Remedies.

Defendant alleges, generally, that plaintiff's complaint should be dismissed because it was not complied with his administrative remedies by failing to file the complaint within 90 days of receiving his right to sue notice. See Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue. [2]

Pursuant to 42 U.S.C. Section 2000e-5(f)(1), generally, after receiving notification of a right to file suit, an individual bringing a complaint under Title VII which was issued on December 22, 2004. See Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. seq., ("Title VII").

Preliminarily, it should be noted that the time limitations set forth in Title VII are not jurisdictional, and may be modified by equitable concerns, such as tolling. See **Zipes v. Trans World Airlines, Inc.,** 455 U.S. 385, 393 (1982) and **Jerrell v. United States Postal Service,** 753 F.2d 1088, 1091-92 (D.C. Cir. 1985). The doctrine of equitable tolling stops a statute of limitations period from running after a claim has accrued, id., but should be applied "sparingly." **Nat'l R.R. Passenger Corp. v. Morgan,** 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); see also **Irwin v. Dep't of Veterans Affairs,** 489 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) Appellant bears the burden of proving that the equitable tolling doctrine applies here. **Courtney v. La Salle Univ.,** 124 F3d 499, 505 (3d Cir. 1997).

It should also be noted that *pro se* litigants are allowed more latitude to correct defects in service of process and pleadings than litigants who are represented by counsel. See Moore v. Agency For Intern. Development, 994 F.2d 874 (D.C. Cir. 1993). See also, Haines v. Kerner, **404 U.S. 519, 520, 92 S.Ct. 594, 596,** 30 L.Ed.2d 652 (1972) (pro se

---

[2] Hereinafter, Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue is also referred to as defendant's motion or "DMD at ____."

5

complaints held to "less stringent standards than formal pleadings drafted by lawyers"), and Redwood v. Council of the Dist. of Columbia, **679 F.2d 931**, **933** (D.C. Cir. 1982). (Courts have permitted pro se litigants to perfect service of process. *See id.; Dixon v. Stephenson, Inc.,* **614 F.Supp. 60**, **62** (D.D.C. 1985); *cf. Patterson v. Brady,* 131 F.R.D. 679 (S.D.Ind. 1990) (pro se litigant allowed to proceed where she timely served primary defendant but was not on notice that she had to serve other government defendants); *Crane v. Battelle,* 127 F.R.D. 174 (S.D.Cal. 1989) (*in forma pauperis* plaintiff allowed 45 days to repeat service of process); *Lugo v. City of Charlotte,* **577 F.Supp. 988** (W.D.N.C. 1984) ("corrected" service of process performed by court where defendants had ample notice of filings).

In this case, plaintiff was notified in the EEOC's Decision of December 22, 2004, that he could filed a complaint in the United States District Court within 90 days. He received the decision on December 30, 2005. On or about March 15, 2004, plaintiff mailed for filing a motion in *forma pauperis*, which contained a copy the complaint. Plaintiff believed that his complaint was filed at that time. **See** Exhibit D, Order dated March 30, 2005, evidencing that a motion *in forma pauperis* was filed, *albeit* improperly, with the Court Clerk.

Between about March 15, and August 16, plaintiff sought to file a motion *in forma pauperis*. The motion was eventually substituted for a petition to appointment of counsel. **See** Exhibit F, Order dated August 23, 2005. The complaint was filed on August 16, 2005. **See** Exhibit G, Complaint.

In this matter, plaintiff made every effort, and believed that he had filed a complaint within the 90-day limitation. As noted above, plaintiff received the complaint on December 30, 2004 and filed the motion *in forma pauperis*, which contained his complaint on March 15, 2005, e.g., fifteen (15) days. Further, as the Court noted in its Order dated August 23, 2005, he thereafter experienced problems in filing his complaint, because he was located in Germany and he was acting *pro se*. **See**, Exhibit D, Order dated August 23, 2005, denying appointment of counsel to plaintiff. Accordingly, equity should apply to allow the filing of the complaint inasmuch as plaintiff acted diligently at all times and believed that his filings were made in a timely manner.

**B. Venue for Plaintiff's Claims Should be Transferred to Virginia.**

Pursuant to the enforcement provisions of Title VII, jurisdiction of the courts is established at follows:

> (f) (3) Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections **1404** and **1406** of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

**42 U.S.C. § 2000e-5.**

Defendant alleges, generally, that the case should be dismissed because proper venue can only be brought in Virginia, where the respondent/defendant has his principal office. **DMD** at 5-6. However, a court may, in the interest of justice, transfer the case to any district in which the case should have been brought. See 28 U.S.C. ' 1406(a), **Saran v. Harvey,** 2005 U.S. Dist. LEXIS 8908 (D.D.C. 2005). Indeed, a case may be transferred to another district even where the subject court lacks personal jurisdiction over the defendants. **Naartex Consulting Corp. v. Watt**, 722 F.2d 779, 789 (D.C. Cir. 1983). When transferring the case, the court must as a preliminary matter ensure that the transferee court has proper venue and personal jurisdiction over the defendant. **Sharp Elecs. Corp. Hayman Csh Register Co.,** 655 F.2d 1228, 1230 (D.C. Cir. 1981). Transfer of the case is in the sound discretion of the court. **Naartex, supra**. at 789.

In this matter, Plaintiff, who is *pro se,* believed that venue was properly brought in Washington, D.C., because the EEOC appeal was administered in Washington, D.C., and the address of defendant Francis J. Harvey, Secretary of the Army, was provided to him as follows: Dr. Francis J. Harvey, Secretary of the Army, 101 Army Pentagon, Washington, D.C. 20310-0101. Thus, plaintiff used reasonable diligence in the filing of the lawsuit in the United States District Court for the District of Columbia and the matter should not be dismissed. Accordingly, plaintiff submits and moves that the case be transferred to the Eastern District of Virginia where the Pentagon is located.

### III. Conclusion:

For the aforementioned reasons, plaintiff's complaint should not he dismissed and venue should be transferred to the Eastern District of Virginia.

Respectfully submitted,

8 AUG 06

8

Julius McQueen
CSA/ JMMT
Unit 69905
APO AE 09357

08/08/2006

Clerk's Office
United States District Court
For The District of Columbia
U.S. Courthouse
Attn: Judge Kessler
3333 Constitution Avenue, NW
Washington, DC 20001

Dear Judge Kessler:

I am writing to you concerning a civil action and the case number is 05-01650 (GK). I understand from a conversation that I had on 08/08/2006 with Ms. Hightower that I should have received a letter from the court stating my deadline for filing this motion was 08/01/2006.

I was aware some time ago that this letter was being sent to me so I have been patiently watching, waiting, and checking on a daily basis to see if it arrived yet. The letter was sent to the Joint Military Mail Terminal where I work and for some unknown reason it never arrived here.

Since I did not receive the notification sent by the court, I am requesting that the motion be filed upon receiving this letter. My attorney, Danny Elmore, just got his license to practice in the Virginia area and he will be handling my case from this point on. Thanks for your assistance in this matter.

Sincerely,

Julius McQueen